# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2021

Lyle W. Cayce
Clerk

No. 20-30392
Summary Calendar

Units States of America,

*Plaintiff—Appellee*,

*versus*

Fletcher Terrell Minor,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-202-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Fletcher Terrel Minor pleaded guilty to one count of being a felon in possession of a firearm, in violation of § 922(g)(1) and was sentenced to 120 months of imprisonment and three years of supervised release. For the first time on appeal, Minor argues that the district court erred in enhancing his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30392

base offense level, inter alia, due to his prior conviction for Louisiana possession with intent to distribute cocaine, in violation of Louisiana Revised Statutes § 40:967(A).

In *United States v. Frierson*, 981 F.3d 314 (5th Cir. 2020), this court determined that § 40:967 is "divisible and, under the modified categorical approach, sufficiently narrow to serve as a predicate for sentence enhancement under § 4B1.1(a)." In so holding, this court also rejected the defendant's argument—identical to the claim raised by Minor—that § 40:967(A) is "facially broader than its federal counterpart because Carisoprodol is regulated by the State but not federally controlled." *Frierson*, 981 F.3d at 316 n.1.

In light of *Frierson*, the district court did not err, plainly or otherwise, in imposing an enhanced base offense level due to Minor's prior conviction for Louisiana possession of cocaine with intent to distribute. The judgment of the district court is AFFIRMED.